Milligan, J.,
delivered the opinion of the Court.
This is an action of debt, in the Circuit Court of White County, upon the assigment of the following note:
“Six months after date, we, or either of us, promise to pay T. J. Jett five hundred dollars, in current bank notes, with interest from date, for value received of him, October 6th, 1.862.
“ Jambs C. Kelly.
“ C. S. CROWDER.”
The assignment is in the following language:
“ For value received, I assign the within note to Richard Simpson, waiving necessity of notice and demand. Richard Maulding.”
From the bill of exceptions, it appears that Jett, the payee of the note, transferred it by delivery, to Maulding, and Maulding to one Grillen, and Grillen to the plaintiff; and afterwards the above recited assignment was indorsed upon it by the defendant.
The Court, in substance, instructed the jury: “If the note was transferred, by delivery merely, to the plaintiff, and afterwards the defendant assigned or indorsed it, without any valuable or other considera *431 tion, be would not be liable; but, if the assignment was made for a valuable consideration, he would be liable.”
There were verdict and judgment for the defendant, and an appeal in error prosecuted to this Court.
Exceptions are taken to the action of the Court during the process of the trial, which, we think, might be sustained; but, in the view we have of the law of this case, the judgment of the Court below can not be disturbed.
Waiving all questions that might arise on the. transfer of this note by delivery, and taking it as having come into the hands of the defendant by regular assignment, it is clear this action cannot be maintained.
The note is not negotiable, in the sense of the law merchant, and an indorser of such paper is not liable to the holder, except when he specially contracts to be so, or for fraud in the transfer, and then by special action, by the indorser, for the consideration: Kirkpatrick vs. McCullough, 3 Hump., 171; Whelan vs. Childress, 7 Hump., 303.
The effect of an assignment of unnegotiable paper, is, to divest the legal property or interest out of the holder, and vest it in the assignee. He is authorized to sue in his own name, or in the name of the payee, for his use: 1 Meigs’ Digest, 140-2; also, Moor vs. Weir & Smith, 3 Sneed, 46. But, without a special undertaking in the assignment, or fraud in the transfer, he is not liable.
*432 Other questions are raised in the record and the pleadings, and as to the admissibility of testimony, which we do not deem it necessary to notice.
Affirm the judgment.